UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ERNEST FIELDS,

*Plaintiff,*

\- against -

COURT OFFICER SUEYANG CHEN SHIELD NO.
6185, and JOHN DOE COURT OFFICERS "ONE"
THROUGH "SIX," said names being fictitious and
presently unknown,

*Defendants.*

20-CV-00435 (GBD)

**SETTLEMENT AGREEMENT,
GENERAL RELEASE, AND
ORDER OF DISMISSAL**

This SETTLEMENT AGREEMENT, GENERAL RELEASE, AND ORDER OF
DISMISSAL ("Settlement Agreement") is made by and between Plaintiff Ernest Fields
("Plaintiff") and Defendant Court Officer Sue Yang Chen ("Defendant") as follows:

WHEREAS, Plaintiff commenced this action by filing a complaint on or about November
7, 2019 ("the Complaint"), in the Supreme Court of the State of New York, Bronx County, Case
Number 33216/2019E, alleging claims against Defendant under 42 U.S.C. § 1983 and the Fourth
and Fourteenth Amendments to the Constitution of the United States of America, (the "Action");
and

WHEREAS, on January 16, 2020, Defendant filed a Notice of Removal of the Action to
the United States District Court for the Southern District of New York pursuant to 28 U.S.C.
1441(a); and

WHEREAS, the claims and allegations in the Action, together with all related filings and
proceedings, constitute "the Action"; and

WHEREAS, Defendant expressly denies any wrongful conduct or liability, or violation of
any federal, state, or local statute, ordinance, or law in this matter whatsoever; and

WHEREAS, Plaintiff and Defendant desire to fully resolve the claims between them and any and all other disputes, whether known or unknown, without further litigation or proceedings before any court or other agency, and without admission of fault or liability; and

WHEREAS, no party hereto is an infant or incompetent person for whom a committee has been appointed, and no person not a party to this Settlement Agreement has an interest in the subject matter of the Action; and

NOW THEREFORE, in consideration of the mutual promises, covenants, representations and other consideration contained in this Settlement Agreement, Plaintiff and Defendant hereby stipulate and agree as follows:

**1.     Dismissal of the Action with Prejudice**

The Action, and all claims asserted in it, are hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in Paragraph 2 of this Settlement Agreement.

**2.     Payments to Plaintiff and Plaintiff's Attorney**

In full consideration of Plaintiff's execution of this Settlement Agreement, his agreement to be bound by its terms, and his undertakings as set forth herein, including the dismissal of the Action with prejudice, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and subject to any reservation for payment to Medicare or other liens/offsets as set for in Paragraphs 7 and 8, the State of New York, on behalf of Defendant, shall pay the gross sum of SIXTY-FIVE THOUSAND DOLLARS AND ZERO CENTS ($65,000.00) to Plaintiff/Plaintiff's attorney as follows:

a.     The State of New York, on behalf of Defendant, shall pay to Plaintiff the sum of FORTY THOUSAND DOLLARS AND ZERO CENTS

their individual or official capacities, or any of them, or all of them (collectively, "the Released Parties") from all manner of actions, proceedings, suits, grievances, injuries, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now has, or shall or may have in the future against some, any, or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to and including the date of this Settlement Agreement, including: (a) any and all claims regarding or arising out of the acts, transactions, occurrence, or omissions which are described, alleged, or contained in the Action, including without limitation the Complaint and any amendments thereto; (b) any and all claims asserted against some, any, or all of the Released Parties in *Fields v. City of New York*, filed in the Supreme Court of the State of New York, Bronx County, Case Number 29367/2018E (the "New York City Action"); (c) any and all claims for attorneys' fees, costs, disbursements, and all other expenses incurred by or on behalf of Plaintiff in connection with the Action, and any other action or proceeding, whether judicial, administrative, or otherwise; (d) any and all claims of access to courts, conspiracy, retaliation, or discrimination based upon disability, age, race, color, national origin, ancestry, religion, marital status, sex, sexual harassment, sexual orientation, gender identity, citizenship, military service, status, or medical condition, whether actual or perceived; and (e) any and all claims under federal, state, or local laws, statutes, constitutions, regulations, rules, ordinances, or orders,  including but not limited to claims under 42 U.S.C. §§1981-1988, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.,* the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq.*, the

New York State Human Rights Law, N.Y. Exec. Law § 290 *et seq.*, the New York City Human Rights Law, N.Y.C. Admin. Code § 8-101 *et seq.*, N.Y. Labor Law §§ 194, 740, and 741, N.Y. Civil Service Law § 75-b, the United States Constitution, the New York State Constitution, and the New York City Charter. Except for the rights and obligations set forth in this Settlement Agreement, this release also includes a waiver and release of any and all claims related to allegations made before the U.S. Equal Employment Opportunity Commission ("EEOC"), the New York State Division of Human Rights, and/or the New York City Commission on Human Rights, as well as any and all claims against the State of New York, its agencies, departments, and officials in the New York Court of Claims or any other forum, administrative or otherwise, related to or arising from any transactions, acts, omissions, or occurrences up to and including the date of this Settlement Agreement. Plaintiff is not waiving or releasing any nonwaivable statutory protections. Plaintiff is not waiving or releasing and claims that may arise after Plaintiff executes this Settlement Agreement. Plaintiff is not waiving or releasing and claims under New York Military Law; any claims under New York Labor Law §§ 220 to 224; or any unemployment benefit rights under the New York Unemployment Insurance Law. Additionally, nothing in this release prohibits Plaintiff's right to testify, assist, or participate in an investigation, hearing, or proceeding conducted by the EEOC.

## 10. No Other Action or Proceeding Commenced

Other than the Action, Plaintiff represents that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is still pending against the Released Parties, on his own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and

acknowledges that this representation constitutes a material inducement for Defendants to enter into this Settlement Agreement. While the New York City Action erroneously lists a "Correction Officer Sue Yang Chen (Court Division)" as among the named defendants, Plaintiff represents that he has not commenced, maintained, or prosecuted, and will not commence, maintain, or prosecute, any claims in the New York City Action against some, any, or all of the Released Parties, and Plaintiff expressly releases the Released Parties from any and all claims asserted against some, any, or all of the Released Parties in connection with the New York City Action.

**11.    Waiver of Attorneys' Lien**

The undersigned attorney for Plaintiff does hereby release and waive any attorneys' lien they may have on the settlement proceeds in the Action pursuant to N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

**12.    No Other Attorney**

Plaintiff represents and warrants that besides the undersigned attorney for Plaintiff, there are no other attorneys that have a lien on the settlement proceeds in the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

**13.    No Prevailing Party**

Neither Plaintiff nor Defendant shall be deemed a "prevailing party" for any purpose, including any statutory or contractual claim based upon "prevailing party" status with respect to the Action.

**14.    Binding Effect on Successors and Assigns**

The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

### 15.    Authority

Each signatory to this Settlement Agreement hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Agreement, and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

### 16.    Voluntary Agreement

Plaintiff represents that he has thoroughly discussed all aspects of this Settlement Agreement, including the General Release, with his counsel, and Plaintiff represents that he has carefully read and fully understands all of the provisions of this Settlement Agreement. Plaintiff represents that he executes and delivers this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that he understands its terms, contents, and effect. Plaintiff acknowledges that he has consulted with his attorneys before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or anyone acting on behalf of any party.

### 17.    Negotiated Agreement

The parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement. The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

### 18.    No Admission of Liability

It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation;

that this Settlement Agreement and the actions taken pursuant hereto are not to be construed as constituting any determination on the merits of any claims in this dispute or as constituting any admission of wrongdoing or liability on the part of Defendant, the State of New York, or their present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any of them, or all of them, and that they expressly deny any wrongdoing or liability. Nothing contained in this Settlement Agreement shall be deemed to constitute a policy or practice of Defendant or the State of New York.

### 19.   No Precedential Value

This Settlement Agreement shall not in any manner be construed as determinative of the issues raised in the Action or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop Defendant, the State of New York, or their present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, heirs, and assigns, whether in their individual or official capacities, or any of them, or all of them, in pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any defenses.

### 20.   Entire Agreement

This Settlement Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified,

modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

### 21.   Governing Law

The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law applies to the releases and waiver of federal claims pursuant to this Settlement Agreement.

### 22.   Severability

With the exception of Paragraphs 1, 3, 7, 9, 10, and 13 of this Settlement Agreement, if any other provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

### 23.   Headings

The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

### 24.   Submission to the Court

This Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

### 25.   Counterparts

This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

26.   **Authority to Sign Agreement**

The Parties and the signatories to this Agreement represent and warrant that the signatories executing this Agreement on behalf of each Party have full authority to do so and to make the representations, warranties, and agreements contained herein.

**IN WITNESS WHEREOF**, the parties hereto acknowledge that they have read this Settlement Agreement, and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date first above written.

Dated:    October 19    , 2022

Ernest Fields, *Plaintiff*

STATE OF NEW YORK

COUNTY OF Bronx

On October 19    , 2022, before me, the undersigned, a Notary Public in and for the State of New York, personally appeared ERNEST FIELDS, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument the individual, or the person upon behalf of which the individual acted, executed the instrument.

NOTARY PUBLIC
MICHAELINA BRAVERMAN
NOTARY PUBLIC, STATE OF NEW YORK
BRONX COUNTY 02BR6035120
Certificate Filed In
Bronx County
Commission Expires 12-27-2025

GETZ & BRAVERMAN, P.C.
*Attorneys for Plaintiff Ernest Fields*

By: _____
Michael I. Braverman, Esq.
Getz & Braverman, P.C.
172 East 161st Street
Bronx, New York 10451
718-993-3000
getzandbraverman@aol.com

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendant Sue Yang Chen*

By: _____
Owen T. Conroy
Assistant Attorney General
28 Liberty Street, 17th Floor
New York, New York 10005
(212) 416-6382
owen.conroy@ag.ny.gov

SO ORDERED:

_____
George B. Daniels
United States District Judge
Dated:   OCT 2 4 2022

# Exhibit A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ERNEST FIELDS,

                 *Plaintiff,*

  - against -

COURT OFFICER SUEYANG CHEN SHIELD NO.
6185, and JOHN DOE COURT OFFICERS "ONE"
THROUGH "SIX," said names being fictitious and
presently unknown,

                 *Defendants.*

20-CV-00435 (GBD)

**PLAINTIFF'S AFFIDAVIT
REGARDING MEDICARE**

---

STATE OF NEW YORK     )
                     ) ss.:
COUNTY OF _____  )

     ERNEST FIELDS, being duly sworn, deposes and says:

1.    I am the plaintiff in the above-entitled action and I reside at 3504 Bochembau, Bronx
New York 10467 and my telephone number is ▇▇▇▇▇▇▇▇▇

2.    I am making this affidavit with full knowledge that the same will be relied upon by the
State of New York, its agents, employees and representatives ("OAG") in connection with
settlement of this action against Defendant Court Officer Sue Yang Chen ("Defendant"),
specifically as it relates to the OAG's obligations as to Medicare compliance primarily pursuant
to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 ("MMSEA") and
the Medicare Secondary Payer Act ("MSP"). I understand that a query will be or has been made
to verify my current Medicare eligibility status.

3.    I hereby acknowledge and understand that as mandated by the Centers for Medicare and
Medicaid Services ("CMS") and promulgated by and through its rules and regulations including
but not limited to the MMSEA or MSP, I am required to:

a.    reimburse Medicare for *conditional payments* it has made from the settlement herein; or

b.    utilize the settlement proceeds to pay for future medical expenses, when necessary.

4.    I further acknowledge that the information provided herein will be relied upon by Defendant and OAG as true and accurate and, when applicable, will be used for reporting pursuant to the MMSEA or as deemed necessary or required by Defendant and OAG.

5.    I hereby agree to promptly provide OAG with any and all information necessary and required for its reporting pursuant to MMSEA.

### PEDIGREE INFORMATION

6.    I have been known by (include all alias name(s), former name(s) maiden name(s)) the following names:  ERNEST FIELDS. I hereby acknowledge that I can be identified by this/these name(s) and all these names are indeed referring to me.

7.    I consent to OAG verifying my current Medicare eligibility for purposes of its compliance with MMSEA.  I affirm:

a.    my social security number is
b.    my date of birth is _____ / 64 _____; and
c.    my gender is male.

### CURRENT MEDICARE ELIGIBILITY
*Initial and affirm applicable current Medicare eligibility status*

8.    As of the date of this affidavit:

a.    _____ I am not currently eligible for Medicare coverage and/or benefits nor have I ever received Medicare coverage and/or benefits;

### OR

b.    _____ I am a Medicare beneficiary and my Medicare number [HIC #] is _____. I am aware of my obligation to reimburse Medicare, as well as any Medicare Part C Plan (also referred to as Medicare Advantage Plans, Medi-Gap Plans), (collectively hereinafter referred to as "Medicare") for

payments or benefits that I received directly or indirectly from Medicare for medical expenses for injuries that were the subject of this action. I understand that reimbursement directly to Medicare may be made from proceeds I receive from the settlement of this action; and

i. **/**_____ Medicare has confirmed that no payment is due and owing from the total proceeds of the above-captioned litigation. *(Attach copy of Medicare's Conditional Payment letter or Final Demand Letter)*; or

ii. **/**_____ Medicare has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date. *(Attach copy of Medicare's Conditional Payment Letter and/or Final Demand Letter)*. In accordance with the attached Medicare letter, I consent to the payment of that sum directly from the total proceeds of the above-captioned litigation; or

iii. **/**_____ I am awaiting a Conditional Payment Letter and/or Final Demand Letter or equivalent information from Medicare. Upon my receipt of the necessary documentation, I will promptly provide it to Assistant Attorney General Owen Conroy, as well as to OAG's Medicare Compliance Unit via email at Medicare.Compliance@ag.ny.gov. I agree that no interest or penalty will be assessed or demanded by me or on my behalf against the OAG for any delay in payment pursuant to the terms and conditions of the settlement in the above-captioned litigation prior to OAG's receipt of any and all necessary documentation from me issued by Medicare (including but not limited to Medicare's Conditional Payment Letter or Final Demand Letter). In accordance with Medicare's Conditional Payment Letter or Final Demand Letter, I consent to the payment of that sum directly from the total proceeds of the above-captioned litigation.

## FUTURE MEDICARE ELIGIBILITY
*Initial and affirm applicable future Medicare eligibility status*

9. As of the date of this affidavit:

a. \_\_\_\_\_ I do not expect to be Medicare eligible within 30 months of the date of this affidavit and as of the date of the settlement of the above-captioned litigation. I affirm that I:
i. have not applied for Social Security Disability Insurance (SSDI);
ii. have not been denied SSDI and anticipating appealing that decision;
iii. am not in the process of appealing or re-filing for SSDI;
iv. am not 62.5 years or older; and
v. do not have End Stage Renal Disease (a qualifying condition for Medicare);

**OR**

b.   ✏_____   I am not current a Medicare beneficiary.  However, I anticipate
that I will be Medicare eligible within 30 months of the date of this affidavit and
the date of the settlement of the above-captioned litigation; and

    i.   ✏_____   I do not require any future treatment for injuries that are the
subject of this action.  The required certification(s) for the injuries alleged
in the complaint is attached.  The attached certification attests that there is
no anticipated future treatment required for the injuries sustained in the
within action; or

    ii.   ✏_____   I do require future treatment for the injuries that are the
subject of this action.  In accordance with the attached Medicare Set-Aside
Trust ("MSA"), I consent to the payment of $_____, payable from
the total proceeds of the above-captioned litigation. I affirm this sum will
be used for the medicals expenses relating to the injuries of this action; or

    iii.   ✏_____   I have not sought treatment for the injuries alleged in this
case and, as such, there are no medical expenses relating to the injuries
alleged herein.  Furthermore, I do not anticipate seeking medical treatment
for injuries alleged in this action.  I understand and agree should I require
future treatment and/or prescription medication for such injuries, I will use
the requisite amount of proceeds from this agreement to pay for any
medical expenses relating to such injuries.

**OR**

c.   ✏_____   I am currently a Medicare beneficiary and

    i.   ✏_____   I do not require any future treatment for injuries that are the
subject of this action.  The required certification(s) for the injuries alleged
in the *complaint* is attached.  The attached certification attests that there is
no anticipated future treatment required for the injuries sustained in the
within action; or

    ii.   ✏_____   I do require future treatment for the injuries that are the
subject of this action.  In accordance with the attached Medicare Set-Aside
Trust ("MSA"), I consent to the payment of $_____, payable from
the total proceeds of the above-captioned litigation. I affirm this sum will
be used for the medicals expenses relating to the injuries of this action; or

    iii.   ✏_____   I do require future treatment for the injuries that are the
subject of this action. However, it is my understanding that any future
medical bills I incur relating to this treatment and/or any related

prescription medication should be covered by a workers' compensation insurer. I agree to obtain written confirmation from this insurer on this issue and on whether said entity intends to assert a lien against this settlement for any past medical treatment, if I have not done so already, and upon receipt will provide it to Assistant Attorney General Owen Conroy, as well as to OAG's Medicare Compliance Unit via email at Medicare.Compliance@ag.ny.gov. If there are any valid liens asserted against the settlement, whether asserted by a workers' compensation insurer or otherwise, I agree to satisfy them utilizing the settlement proceeds.

iv.    ✎_____   I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein. Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action. I understand and agree should I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from this agreement to pay for any medical expenses relating to such injuries.

_____
ERNEST FIELDS

Sworn to before me this
_19_ day of _October_, 2022.

NOTARY PUBLIC
[Notary stamp:]
A BRAVERMAN
NOTARY PUBLIC, STATE OF NEW YORK
BRONX COUNTY 02BR6035120
Certificate Filed in
Bronx County
Commission Expires 12-27-2025